**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa Olivares (SBN 343455)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
Email: *lking@kaplanfox.com*
         *mgeorge@kaplanfox.com*
         *breed@kaplanfox.com*
         *colivares@kaplanfox.com*

Marc A. Wites (*pro hac vice* to be filed)
Thomas Rogers (*pro hac vice* to be filed)
**WITES & ROGERS**
4400 North Federal Highway
Lighthouse Point, Florida 33064
T: (954) 933-4400
Email:  *mwites@witeslaw.com*
          *trogers@witeslaw.com*

*Attorneys for Plaintiffs Bret Conway and*
*Jennifer Rogers and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET CONWAY and JENNIFER ROGERS, Individually and on Behalf of All Others Similarly Situated, | Case No.  8:24-cv-01452 |
| | **CLASS ACTION** |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES (USA), INC. DBA KAWASAKI HEAVY INDUSTRIES MOTORCYCLE & ENGINE, | |
| Defendants. | |

Plaintiffs Bret Conway and Jennifer Rogers (collectively "Plaintiffs"), by their undersigned counsel, on behalf of themselves and a Class of those similarly situated, bring this action against Defendants, and allege based upon personal knowledge of the allegations pertaining to themselves, and upon information, belief, and the investigation of counsel as to all other allegations.

## INTRODUCTION

1.     Defendant Kawasaki Motors Corp., U.S.A. ("Kawasaki Motors") develops and sells vehicles through distributors in the United States of America. Specifically at issue in this case are the side-by-side Utility Task Vehicles ("UTVs") known as the 2024 MULE PRO-FX™, PRO-FXR™, and PRO-FXT™ 1000 (the "2024 Mules" or a "2024 Mule"). These vehicles are different versions of the 2024 MULE 1000. All the Mules at issue have an identical engine manufactured by Kawasaki Heavy Duty Industries (USA), Inc. ("Kawasaki Heavy Duty"). Unless otherwise indicated, Kawasaki Motors and Kawasaki Heavy Duty are referred to collectively as "Kawasaki".



2024 Mule Pro-FX 1000[1]

---

[1] https://www.kawasaki.com/en-us/side-x-side/mule/3-passenger/mule-pro-fx-1000/2024-mule-pro-fx-1000-hd-edition

2.    Kawasaki represents that:

The MULE PRO-FX™ 1000 HD Edition side x side is a powerful, high-capacity, three-passenger vehicle that's built to take on the most demanding days. With dependable power and exceptional all-day comfort, this rugged side x side is the perfect companion for work and play. Finish the job with the reliable capability of the MULE PRO-FX 1000 HD Edition.[2]

3.    Kawasaki represents that the vehicle includes "NEW KAWASAKI-BUILT 999CC LIQUID COOLED, 4-STROKE PARALLEL TWIN ENGINE" and instructs buyers to "Take on the most demanding jobs with the new 999cc twin-cylinder Kawasaki-built engine that delivers both high power and high torque as well as increased top speed." *Id.*

4.    Kawasaki's early advertising for the 2024 Mule depicts ranchers and farmers driving the 2024 Mule during the course of their workdays.[3] The caption on YouTube states, "For those who never back down and work tirelessly from sunup to sundown, we understand your unwavering dedication. That's why we built the all-new 2024 #KawasakiMULE PRO 1000 series. Your ultimate companion designed and tested to match your relentless spirit and tackle the toughest challenges head-on."

5.    Kawasaki's website states:

Highly capable Kawasaki MULE™ side x sides have been supporting the hardest workers for decades. Dependable performance and reliable strength are what make a rugged MULE side x side the ultimate workhorse. Confidently tackle each day with a vehicle that you can rely on from sun-up to sun-down, day after day, year after year.[4]

6.    Unfortunately, Kawasaki has not provided buyers with a functioning vehicle as promised. Rather, in April 2024, Kawasaki sent a notice to all buyers of

---

[2] https://www.Kawasaki.com/en-us/side-x-side/Mule/3-passenger/Mule-pro-fx-1000?cm_re=GLOBALNAV-_-PRODUCTGROUPLIST-_-VEHICLE#

[3] https://www.youtube.com/watch?v=zzuJcRkpswg (posted to YouTube on June 6, 2023).

[4] https://www.Kawasaki.com/en-us/side-x-side/Mule?utm_source=socialorganic&utm_medium=youtube_feed&utm_campaign=20230606npl_Mule&utm_content=06062023&cm_mmc=socialorganic-_-20230606npl_Mule-_-youtube_feed-_-06062023

the Mules, including Plaintiffs, that "Kawasaki is investigating improper combustion during engine start up potentially creating a fire risk on 2024 MULE PRO-FX, PRO-FXR & PRO-FXT 1000 models." *See* Exhibit A (the "Stop Use Notice").

7.     The Stop Use Notice specifically instructed owners:

**DO NOT DRIVE YOUR MULE PRO-FX/FXR/FXT UNTIL AN AUTHORIZED REPAIR HAS BEEN COMPLETED**

*Id.* (emphasis in original).

8.     Two months later, Kawasaki has still neither provided a repair, stated that they have identified a repair, or even suggested when 2024 Mule owners can expect a repair on their 2024 Mules, meaning that 2024 Mule owners have no idea when they will be able to use the 2024 Mules that they have purchased (even while continuing to make payments if the purchase was not in cash). The lack of ability to safely use the Mules is compounded because many 2024 Mules are used on farms and ranches as work vehicles. In fact, the videos Kawasaki has posted on its website show Mules being used this way.



Advertising images for the 2024 Mule Pro-FX 1000[5]

---

[5] https://www.kawasaki.com/en-us/side-x-side/mule/3-passenger/mule-pro-fx-1000/2024-mule-pro-fx-1000-hd-edition

9.     Likewise, Kawasaki has not offered any temporary alternative vehicle or offered compensation other than the offer of a $500 credit to be spent on accessories for the 2024 Mules, all to Kawasaki's benefit, and a cost to Kawasaki of far less that the amount of the credit. This is especially true because many accessories for the 2024 Mules cost in excess of the $500 credit.

10.     Kawasaki's surprising admonition to Plaintiffs and class members that their vehicles might spontaneously combust if they are used, potentially seriously injuring or killing any person riding them, reveals a significant safety defect that renders the 2024 Mules unfit for their intended use of providing safe, reliable transportation, and diminishes their value and useful life. Kawasaki's inaction combined with its unwillingness to compensate 2024 Mule owners for the loss of use and the useless status of their vehicles is unacceptable and runs afoul of state consumer protection and warranty laws. Had Plaintiffs known that this would occur—especially a mere four months after purchasing their 2024 Mule, they would not have purchased it, or would have paid substantially less for it. Via this putative class action, 2024 Mule owners seek appropriate damages and equitable relief.

**PARTIES**

11.     Plaintiff Bret Conway ("Conway") resides in the State of Florida in Glades County.

12.     Plaintiff Jennifer Rogers ("Rogers") resides in the State of Florida in Glades County.

13.     On or about February 10, 2024, Plaintiffs purchased a 2024 Kawasaki Mule PRO-FXT 1000 LE RANCH EDITION from Broward Motorsports of Palm Beach in West Palm Beach, Florida. They paid over twenty-three-thousand dollars ($23,000.00) for the vehicle.

14.     Defendant Kawasaki Motors Corp., U.S.A. is incorporated in the state of Delaware and maintains its headquarters at 26972 Burbank, Foothill Ranch, in the County of Orange in the state of California 92610-2506.

15.     Defendant Kawasaki Heavy Duty Industries (USA), Inc. is incorporated in the State of New York, maintains in headquarters in New York at 60 East 42nd Street, Suite 2001 New York, New York 10165, and does business in the State of California.

## JURISDICTION

16.     This Court has personal jurisdiction over the Defendants. The Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d). Defendants have transacted business and their affairs in California and have committed the acts complained of in California. The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and this case is a class action in which some members of the Class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district. Defendants have transacted business and their affairs in this district, maintain an office and reside in the State of California, and have committed the acts complained of in this district.

## FACTUAL ALLEGATIONS

18.     Kawasaki manufactures, advertises, markets, and sells 2024 Mules and related accessories throughout the United States of America.

19.     The 2024 Mules at issue in this lawsuit include a 999 CC Liquid Cooled, 4-Stroke Parallel Twin Engine. This engine is significantly larger than that available on earlier iterations of the Mule and, thus, should provide more power to the vehicles and make them able move faster and tow heavier loads than Mules with smaller engines.

20.     The 2024 Mule also contains several other features that were not previously available on earlier models.

21.     The 2024 Mules have a MSRP retail value of $15,099 to $18,799, before upgrades and taxes.[6] Accessories for the 2024 Mules can cost thousands of dollars per accessory.[7]

22.     Just like any vehicle, Kawasaki knows that safety and dependability are paramount considerations for purchasers of their UTVs, including the 2024 Mules. On its own website, Kawasaki describes, e.g., the 2024 Mule Pro-FXR as "a dependable workhorse that features a smooth, powerful twin-cylinder Kawasaki-built engine" and "takes strength, dependability and durability to a whole new level"[8]:



**DURABILITY**

**MUSCLE & ENDURANCE**

Built to work hard on and off the job, the Kawasaki MULE PRO-FXR™ 1000 side x side takes strength, dependability and durability to a whole new level.

+ EXPLORE MORE

**POWER & HANDLING**

**HIGHLY CAPABLE**

The MULE PRO-FXR™ 1000 side x side is a dependable workhorse that features a smooth, powerful twin-cylinder Kawasaki-built engine and a rugged chassis that provides agile and confident handling.

 + EXPLORE MORE



---

[6] The cheapest of the three 2024 Mules at issue here is listed at MSRP $15,099 and the most expensive is listed at $18,799. *See* https://www.kawasaki.com/en-us/side-x-side/mule/3-passenger/mule-pro-fxr-1000/2024-mule-pro-fxr-1000; https://www.kawasaki.com/en-us/side-x-side/mule/3-to-6-passenger/mule-pro-fxt-1000/2024-mule-pro-fxt-1000-le.

[7] *See, e.g..*, https://www.kawasaki.com/en-us/shop/vehicle-accessories/side-x-side/kaf1000mrfnn

[8] https://www.kawasaki.com/en-us/side-x-side/mule/3-passenger/mule-pro-fxr-1000

23.     In connection with the purchase of a 2024 Mule, Kawasaki provides an express 36-month manufacturer's warranty:



Plaintiffs submit that Kawasaki provides the same, or functionally same, manufacturer's warranty to all purchasers.

24.     Despite Kawasaki's warranty and statements about the safety and reliability of the 2024 Mules, the 2024 Mules do not meet the bare minimum standards of operating with the usual and expected level of safety due to a defective, dangerous engine that has led Kawasaki to recall the 2024 Mules in multiple foreign countries.   Meanwhile, Kawasaki has issued a Stop Use Notice to American consumers to "**NOT DRIVE YOUR MULE PRO-FX/FXR/FXT UNTIL AN AUTHORIZED REPAIR HAS BEEN COMPLETED**." This defect renders the 2024 Mules worthless and unusable for their intended purpose of safely and reliably transporting, hauling, and off-roading.

25.     As noted above, the 2024 Mules have a defective engine such that they may catch on fire, damaging the Mules themselves and potentially causing serious or even fatal injury to consumers.

26.     Indeed, consumers have reported experiencing the defect first-hand:

- June 6, 2024: "We went to move our mule because it was in the way and it went with a BANG!!! My husband with back problems and got it because he has a hard time walking it do chores."[9]
- April 29, 2024: "i have a 1000 and it has destroyed the intake by backfiring and waiting on repair and its been a month"[10]
- April 29, 2024: "I also have a fxr1000 and my intake just blew apart yesterday, 50 hours on the clock."[11]

27.     As of this date, Kawasaki has not issued a formal recall of the 2024 Mules in the United States; specifically, a search of the Consumer Products Safety Commission ("CPSC") website reveals no formal recalls for the 2024 Mule. Even assuming a U.S. recall is forthcoming, the owners of 2024 Mules will have already experienced losses and damages caused by the undisclosed defect and its associated loss of useful life and diminished resale value.

28.     By contrast, on April 23, 2024, Kawasaki issued a formal recall for the identical 2024 Mule models sold in Canada, which specifies that "[o]n certain side-by-side UTVs, the engine could backfire during start up and cause a vehicle fire."[12] Also on April 23, 2024, Kawasaki issued a formal recall for the identical 2024 Mule models sold in Australia, which specifies that "[d]uring start-up a defect may cause affected Kawasaki vehicles to catch fire" and that "[t]here is a risk of serious injury from burns if the affected Kawasaki vehicle catches fire."[13]

---

[9] https://www.kawieriders.com/threads/mule-pro-fxt-1000-2024-stop-sale-recall.183675/page-4?nested_view=1&sortby=oldest

[10] https://www.kawieriders.com/threads/mule-pro-1000-recalled-now-i-dont-know-what-to-get.183662/

[11] Id.

[12] https://recalls-rappels.canada.ca/en/alert-recall/transport-canada-recall-2024238-Kawasaki

[13] https://www.productsafety.gov.au/system/files/recall/Recall%20Advertisement%20-%2016%20May%202024.pdf

29.     Regardless of the recall status, in all three countries, consumers are advised to immediately stop using their 2024 Mules. In no country has Kawasaki offered a refund or repair. Instead, consumers are left with a dangerous and inoperable 2024 vehicle for which they paid over $15,000.

30.     Additionally, Kawasaki's Mules are no stranger to defective engines and recalls. Kawasaki was previously forced to recall their 2015-2020 Mule models just a few years ago for a similar engine defect causing a fire hazard to consumers.[14] Due to this recent, expansive recall, Kawasaki was on notice to vigorously test the engines of their 2024 Mules so they did not have this similar defect. Accordingly, Kawasaki's premarket testing would have revealed the defect before it sold the 2024 Mules to consumers with a similar fire hazard that could cause serious injury to persons and property and render the Mules unfit for their purpose of providing reliable, safe motorized transportation.

31.     To date, Kawasaki has not taken any tangible steps to rectify the harm its conduct has caused to consumers. Among other things, Kawasaki has not provided buyers with the product they believed they were purchasing, offered a meaningful refund, replacement vehicle, or even initiated a repair to the defective 2024 Mules. Accordingly, Plaintiffs bring this action on behalf of themselves, and all similarly situated persons in the proposed class for the relief requested as to Plaintiffs and Class Members and to promote the public interests in holding Kawasaki responsible for selling the 2024 Mules when these vehicles are incapable of being used safely. As a proximate result of Kawasaki's unlawful conduct, Plaintiffs and members of the proposed class have suffered damages in an amount to be determined at trial.

---

[14] https://www.cpsc.gov/Recalls/2020/Kawasaki-USA-Recalls-Off-Highway-Utility-Vehicles-Due-to-Fuel-Leak-Fire-Hazards-Recall-Alert

**PLAINTIFFS' EXPERIENCES**

32.    Plaintiffs purchased their 2024 Mule from Broward Motorsports of Palm Beach on or about February 10, 2024, for over twenty-three thousand dollars ($23,000).

33.    In connection with this purchase, Kawasaki provided an express 36-month manufacturer's warranty. Plaintiffs are informed and believe that Kawasaki provides the same, or functionally same, manufacturer's warranty to all class members.

34.    On or about April 2024, Plaintiffs received the Stop Use Notice from Kawasaki. Plaintiffs are informed and believe that all class members received identical or virtually identical Stop Use Notices.

35.    As directed, Plaintiffs stopped all use of their 2024 Mule to avoid the possibility that it would catch fire.

36.    To date, Kawasaki has not informed Plaintiffs (a) whether Kawasaki has designed a fix for the engine problem, (b) when Kawasaki expects that it will identify a fix to the engine problem, (c) when the 2024 Mules will be repaired, or (d) when the 2024 Mules will be safe to ride.

37.    Kawasaki has not offered Plaintiffs any accommodation including, but not limited to, a safe "loaner" vehicle during this time.

38.    Instead, Kawasaki has offered Plaintiffs and all other Class Members $500 as a credit to purchase accessories for their defective Mules as "compensation" for the fact that they have been unable to use their 2024 Mule for over two months.

39.    Prior to purchasing the 2024 Mule, Plaintiffs did diligent research to ascertain the 2024 Mule's capabilities, and as with any motorized vehicle, reasonably expected that it would be free of safety defects and fit for use to provide reliable, safe transportation.  Plaintiffs would not have purchased their 2024 Mule, or would have paid substantially less for it, had they known that it had a severe engine defect which

rendered it dangerous and inoperable and that it would be subject to a Stop Use Notice from Kawasaki.

40.     Plaintiffs have suffered financial injuries and losses due to their purchase of the defective 2024 Mule because, among other things, they have not been provided a safe, reliable 2024 Mule that they purchased and paid a premium price for, they have not been able to safely use the 2024 Mule, they have not been provided with any repairs to remedy the safety defect, they now have a defective 2024 Mule that will have diminished resale value (even assuming there is a repair or recall), and they have not been adequately compensated or provided equivalent goods and services.

## CLASS ACTION ALLEGATIONS

41.     Pursuant to Rule 23(a), (b)(2), and (b)(3), Plaintiffs bring this action on behalf of themselves and others similarly situated.

42.     Specifically, Plaintiffs seek to represent a Nationwide class, preliminarily defined as: "All persons in the United States who purchased, leased, or otherwise own one of the 2024 Mules (the "Class")."

43.     Plaintiffs also seek to represent a Subclass preliminarily defined as: "All persons in the state of Florida who purchased, leased, or otherwise own one of the 2024 Mules (the "Florida Subclass")".

44.     Excluded from the Class and Subclass are (i) each Defendant, any entity in which a Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendants' employees, officers, directors, agents, and representatives and their family members; and (iv) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

45.     At this time, Plaintiffs do not know the exact number of members of the Class or Florida Subclass. However, given the nature of the claims which apply to *all* purchasers of the 2024 Mules in question, and the fact that Plaintiffs are informed

1  and believe that thousands of 2024 Mules have been sold in the United States,
2  Plaintiffs believe that the members of the Class and Subclass are so numerous that
3  joinder of all members is impracticable.

4      46.    There is a well-defined community of interest in the questions of law
5  and fact involved in this case. Questions of law and fact common to the members of
6  the Class and Subclass that predominate over questions that may affect individual
7  class members include:

8          a.    When Kawasaki first knew or should have known that the engine
9  on the 2024 Mules engines created an improper combustion during engine start up
10 that could create a fire risk.

11         b.    Whether Kawasaki misrepresented the safety of the 2024 Mules
12 and/or if it concealed, suppressed, or failed to disclose truthful information about the
13 safety of the engines in the 2024 Mules.

14         c.    Whether Kawasaki's conduct was unfair, deceptive, and/or
15 misleading under applicable law.

16         d.    Whether Kawasaki has been unjustly enriched as a result of the
17 unlawful, fraudulent, and unfair conduct alleged in this complaint such that it would
18 be inequitable for Kawasaki to retain the benefits conferred upon it by Plaintiffs and
19 the class.

20         e.    Whether Kawasaki breached its express and/or implied
21 warranties to Plaintiffs and the Class.

22         f.    Whether Plaintiffs and the members of the proposed Class are
23 entitled to compensatory, statutory, and/or punitive damages and other monetary
24 relief as provided under state law.

25         g.    Whether Plaintiffs and the Class have sustained damages with
26 respect to the claims asserted and, if so, the proper measure of their damages.

27

28

h.      Whether Kawasaki has violated the state consumer protection laws alleged in this complaint including but not limited to the California Consumers Legal Remedies Act and the Florida Deceptive and Unfair Trade Practices Act.

i.      Whether Kawasaki has failed to comply with its statutory obligations and is liable to Plaintiffs and the Class under the Magnuson-Moss Warranty Act 15 U.S.C. §§2301, et seq.

j.      Whether injunctive relief is appropriate; and

k.      Whether Plaintiffs are entitled to recover costs and expenses incurred in prosecuting this action and reasonable attorneys' fees.

47.    Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and members of the proposed Class and Subclass all purchased 2024 Kawasaki Mules containing engines manufactured and sold by Kawasaki. Plaintiffs and the members of the proposed Class and Subclass have all suffered damages as a result of Kawasaki's unlawful conduct set forth in this complaint.

48.    Plaintiffs will fairly and adequately protect the interests of the proposed Class and Subclass. Plaintiffs have no interest adverse to the interests of the members of the proposed Class or Subclass.

49.    Plaintiffs have retained competent counsel who have extensive experience in prosecuting complex consumer and product defect class action litigation.

50.    The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Kawasaki.

51.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy especially since Kawasaki's actions and inaction are identical for all members of the Class and Subclass. Kawasaki has acted or refused to act on grounds generally applicable to the Class. Declaratory and injunctive relief with respect to the Class is appropriate.

52.    The questions of law or fact common to members of the proposed Class predominate over any individual questions affecting only individual class members. Each of the members of the proposed Class and Subclass purchased a 2024 Mule that was not as represented due to Kawasaki's misrepresentations of, and concealment, suppression, and failure to disclose the serious flaws in the vehicle's engine. The issues of fact and law applicable to the Class are identical to the issues of fact and law applicable to each individual member of the proposed Class.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**Violations of the California Consumers Legal Remedies Act,
Cal. Civ. Code §§1750, *et seq*.**

53.    Plaintiffs incorporate by reference and re-allege all prior paragraphs of this complaint as though fully set forth herein.

54.    Plaintiffs and the Class Members are "consumers" that purchased "goods" in the form of 2024 Mules within the meaning of California Civil Code section 1761.

55.    Kawasaki is a "person" within the meaning of California Civil Code section 1761(c).

56.    The application of the California Consumer Legal Remedies Act to the putative Class in this action is appropriate because Defendant's wrongful conduct alleged herein, includes but is not limited to Defendant's marketing and sale of defective, unsafe utility vehicles in the state of California.

57.    The California Consumer Legal Remedies Act, Cal. Civ. Code §1770(a)(5) & (7) provide, in part, as follows:

> (a)    The unfair methods of competition and unfair or deceptive acts or practices listed in this subdivision undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:
> . . .
>     (5)   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have . . .;

. . .

(7)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

58.   Kawasaki violated provisions of the CLRA, including but not limited to Section 1770(a)(5) by representing that the 2024 Mules have characteristics, uses, or benefits which they do not have, and Section 1770(a)(7) by representing that the 2024 Mules are of a particular standard, quality, or, grade, even though they are of another, as well as Sections 1770(a)(2) and (a)(9).   Such conduct includes, among other things:

a.   Designing, manufacturing, marketing, and selling the 2024 Mules to consumers that contained material, fundamental defects without disclosing such defects to consumers;

b.   Marketing and selling the 2024 Mules that were not merchantable for the purpose of providing safe transportation; and

c.   Marketing and selling the 2024 Mules while concealing material facts from Plaintiffs and Class members regarding the defects in the 2024 Mules that would manifest both within and outside their express or implied warranty periods that would create a safety risk for Plaintiffs and Class members who purchased the 2024 Mules to provide safe transportation.

59.   Pursuant to California Civil Code sections 1752, 1780, and 1781, Plaintiffs, on behalf of themselves and other Class members, seek an order of this Court enjoining Defendant from the unlawful practices described herein, as well as an award of costs of litigation and attorneys' fees.

60.   Concurrently with the filing of the instant Complaint, Plaintiffs are sending a CLRA notice of violation and demand letter to Defendant Kawasaki. Upon response, or non-response within thirty (30) days, to this notice, Plaintiff shall file, or seek leave to file, an Amended Complaint to seek monetary relief from Kawasaki to provide actual, compensatory, statutory, and/or punitive damages.

**COUNT II**
**Unlawful, Unfair, and Fraudulent Business Acts and Practices**
**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

61.     Plaintiffs incorporate by reference and re-allege all prior paragraphs of this complaint as though fully set forth herein.

62.     Kawasaki's acts and practices constitute unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.* The application of California's Unfair Competition Law to the putative Class in this action is appropriate because Kawasaki's wrongful conduct alleged herein includes, but is not limited, to Kawasaki's marketing and sale of defective, unsafe 2024 Mules.

63.     Kawasaki has engaged in fraudulent, unlawful, and unfair business practices in violation of California's Unfair Competition Law by, among other things:

a.     Designing, manufacturing, marketing, and selling 2024 Mules to consumers that contained material, fundamental defects without disclosing such defects to consumers;

b.     Marketing and selling 2024 Mules that were not merchantable for the purpose of providing transportation to any riders;

c.     Marketing and selling 2024 Mules while concealing material facts from Plaintiffs and Class Members regarding the defects in the Mules that would manifest both within and outside their express and implied warranty periods that would create a safety risk for Plaintiff and Class Members who purchased the 2024 Mules to provide safe transportation to any persons riding in the 2024 Mules;

d.     Concealing from Class members that Kawasaki was in breach and intended to breach its warranty obligations as set forth in this Complaint;

e.     Violating additional laws and regulations as set forth herein; and

f.     Breaching its express and implied warranties with Class Members as set forth herein.

64.     Kawasaki has also violated California's Unfair Competition Law because the utility of its conduct as described in this Complaint is outweighed by the gravity of the consequences to Plaintiffs and Class Members, and because Defendant's conduct as described in this Complaint is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and the Class Members.

65.     Plaintiffs and the Class Members have suffered injury in the form of lost money and property, including but not limited to, a diminishment in the value of the Mules and loss of use of their Mules, as a direct result of Defendant's fraudulent, unlawful, and unfair business practices and are therefore entitled to equitable relief, including restitution, disgorgement of Kawasaki's profits obtained from its fraudulent, unlawful, and unfair business practices, and a permanent injunction that enjoins Kawasaki from the unlawful practices described herein, as well as attorneys' fees and costs of suit. Cal. Bus. & Prof. Code §17203.

<u>**COUNT III**</u>
**Violation of Florida's Deceptive And Unfair Trade Practices Act**
**(Fla. Stat. §§501.201,** *et seq.***)**

66.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

67.     This Count is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. stat. §§501.201, *et seq.* (the "FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

68.     Plaintiffs and the members of the Florida Subclass are consumers as defined by Fla. Stat. §501.203.

69.     Kawasaki is engaged in trade or commerce within the meaning of the Act.

70.     Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

71.     Kawasaki has violated the provisions of FDUTPA by engaging in the unfair and deceptive practices as described here which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

72.     Kawasaki engaged in a deceptive act and unfair practice that is likely to mislead consumers, offends established public policy, and that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, by selling the 2024 Mules which are not useable for their intended purpose, or for any purpose.

73.     Plaintiffs and members of the Florida Subclass have been aggrieved by Kawasaki's unfair and deceptive practices in that they purchased the 2024 Mules and are unable to use them for their intended purposes, or at all. In fact, at the time of the filing of this Complaint, the 2024 Mules have no value because they cannot be use to provide reliable, safe motorized transportation.

74.     The damages suffered by Plaintiffs and the Florida Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Kawasaki, as more fully described above.

75.     Plaintiffs on behalf of themselves and the Florida Subclass demand judgment in their favor, and an award against Kawasaki, pursuant to Florida's Deceptive and Unfair Trade Practices Act for all damages to which it is entitled under the law, including but not limited to, pursuant to Fla. Stat. §§501.211(2) and 501.2105, actual damages, attorneys' fees, costs, and for other such relief as this Court finds just, fair, and equitable under the circumstances.

**COUNT IV**
**Breach of the Implied Warranty of Merchantability**

76.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

77.     Plaintiffs bring this claim individually and on behalf of members of the Class. In the alternative, Plaintiffs bring this claim on behalf of the Florida Subclass under Florida Statute §§672.314 *et seq.*

78.     Kawasaki, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the 2024 Mules were merchantable as UTV vehicles.

79.     Kawasaki breached the warranty implied in the contract for the sale of the 2024 Mules because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label."  *See* U.C.C. § 2-314(2) (listing requirements for merchantability). As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Kawasaki to be merchantable.

80.     Plaintiffs and Class members purchased the 2024 Mules relying on Kawasaki's purported skill and judgment in properly marketing and selling the 2024 Mules.

81.     The 2024 Mules were not altered by Plaintiffs or Class members.

82.     The 2024 Mules were defective when they left Kawasaki's exclusive control.

83.     Kawasaki knew that the 2024 Mules would be purchased and used without additional testing by Plaintiffs and Class members.

84.     The 2024 Mules were defectively designed and unfit for their intended purpose and Plaintiffs and Class members did not receive the goods as warranted.

85.     As a direct and proximate cause of Kawasaki's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because they would not have purchased the 2024 Mules if they knew the truth about the 2024 Mules, and that the 2024 Mules they received were worth substantially less than the 2024 Mules they were promised and expected.

86. On behalf of themselves and other members of the class, Plaintiffs seek damages.

### COUNT V
**Breach of Express Warranty**

87. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

88. Plaintiffs bring this claim individually and on behalf of the members of the Class. In the alternative, Plaintiffs bring this claim on behalf of the Florida Subclass under Florida Statute §672.313.

89. Kawasaki, as the designer, manufacturer, marketer, distributor, or seller expressly warranted that the 2024 Mules were fit for their intended purpose in that they would function properly as UTV vehicles, and that the 2024 Mules were fit for their principal use of transporting people and goods.

90. Kawasaki provides a 36-month warranty for 2024 Mules:



91. In fact, the 2024 Mules do not function properly as UTV vehicles and are not safe for their principal use transporting persons and goods.

92.     Despite its express warranties, in April 2024, Kawasaki instructed all purchasers of the 2024 Mules to immediately stop their use and, as of the date of the filing of the instant Complaint, has not offered or suggested any method to render the 2024 Mules safe for their intended uses.

93.     Plaintiffs and the Class members have been and are being injured as a direct and proximate result of Kawasaki's breach because: (a) they would not have purchased the 2024 Mules on the same terms if the truth concerning Kawasaki's 2024 Mules had been known; (b) they paid a price premium due to Defendant's misrepresentations and omissions about the 2024 Mules; and (c) the 2024 Mules have not and do not perform as promised.

94.     On behalf of themselves and other members of the class, Plaintiffs seek damages and other legal and equitable relief.

## COUNT VI
### Breach of the Magnuson-Moss Warranty Act
### 15 U.S.C. §§2301, *et seq.*

95.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

96.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

97.     Plaintiffs and the other Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

98.     Kawasaki is a "supplier" and "warrantor" within the meaning of 15 U.S.C. § 2301(4)-(5).

99.     The 2024 Mules are "consumer products" within the meaning of § 2301(1).

100.    Kawasaki's express warranty is a "written warranty" within the meaning of § 2301(6).

101.    Kawasaki has breached the express warranty by:

a.      Instructing Plaintiffs and the Class to cease all use of their 2024 Mules but providing no repairs to the vehicles and no timeline for the expected repair of the vehicles;

b.      Selling the 2024 Mules with engines containing defective ignitions that may cause the 2024 Mules to start fires; and

c.      Failing to honor the express warranty by repairing or replacing, free of charge, the engines and, instead, simply directing Plaintiffs and the Class Members to cease use of the vehicles.

102.   Kawasaki's breach of the express warranty has deprived, and is depriving, Plaintiffs and the other Class Members of the benefits of their bargains in that they cannot use the vehicles that they purchased.

103.   The amount in controversy of the Plaintiffs' individual claims meets or exceeds the sum or value of twenty-five dollars ($25.00). In addition, because approximately thousands of 2024 Mules have been sold and none of these vehicles are operable, the amount in controversy meets or exceeds the sum or value of fifty thousand dollars ($50,000.00) exclusive of interests and costs computed on the basis of all claims to be determined in this action.

104.   Kawasaki acknowledged the problem with the 2024 Mules' engines when it directed their owners to cease using the vehicles in April 2024, but Kawasaki has failed to announce—let alone to offer to Plaintiffs or the Class Members—a repair or compensation for the loss of use of the vehicles. Kawasaki also has not announced or offered to replace the defective, unusable vehicles.

105.   As a direct and proximate result of Kawasaki's breach of warranty, Plaintiffs and Class Members sustained and are continuing to sustain damages and other losses in an amount to be determined at trial. Kawasaki's conduct has damaged, and continues to damage, Plaintiffs and Class Members who are entitled to recover damages, consequential damages, specific performance, diminution in value, loss of use costs, costs, attorneys' fees, rescission, and/or other relief as appropriate.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class and Subclass as follows:

        A.      For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclass, and Plaintiffs' attorneys as Class Counsel;

        B.      For an order declaring that Kawasaki's conduct violates the statutes referenced herein;

        C.      For an order finding in favor of Plaintiffs, the Class, and/or the Subclass on all counts asserted herein;

        D.      For actual, compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

        E.      For injunctive relief enjoining the illegal acts detailed herein;

        F.      For prejudgment interest on all amounts awarded;

        G.      For an order of restitution and all other forms of equitable monetary relief;

        H.      For an order awarding Plaintiffs, the Class, and Subclass their reasonable attorneys' fees and expense and costs of suit.

# **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

1

2    DATED: July 1, 2024

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Laurence D. King*
          Laurence D. King

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa R. Olivares (SBN 343455)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:  415-772-4707
Email:  *lking@kaplanfox.com*
        *mgeorge@kaplanfox.com*
        *breed@kaplanfox.com*
        *colivares@kaplanfox.com*

Marc A. Wites (*pro hac vice* to be filed)
Thomas Rogers (*pro hac vice* to be filed)
**WITES & ROGERS**
4400 North Federal Highway
Lighthouse Point, Florida 33064
T: (954) 933-4400
Email:  *mwites@witeslaw.com*
        *trogers@witeslaw.com*

*Attorneys for Plaintiffs Bret Conway and
Jennifer Rogers and the Proposed Class*